## VALENTINE *v.* JUCH.

(*Supreme Court, General Term, First Department.* April 14, 1892.)

RECEIVERS—APPOINTMENT—DISCRETION OF COURT.

In an action for an accounting of rents and profits, plaintiff claimed the premises under a deed from the referee on a sale on the foreclosure of a mortgage, and also claimed that defendant had possession of the premises as agent of plaintiff. Plaintiff had never been in possession, but defendant, as executor or trustee, was in possession claiming ownership. It appeared that plaintiff's title to the premises was that of mortgagee to secure certain amounts which he claimed to be due, but a dispute existed as to the amount actually due him. *Held,* that it was no abuse of discretion to refuse to appoint a receiver of such rents and profits.

Appeal from special term, New York county.

Action by Mitchel Valentine against Welhelmine Juch for an accounting of the rents and profits of certain real estate. From an order of the special term denying plaintiff's motion for the appointment of a receiver, he appeals. Affirmed.

Plaintiff claimed to be the owner of the premises under a deed from a referee on a sale on the foreclosure of a mortgage. He had never been in possession of the premises, but the defendant, as executor or trustee, was in possession, and claimed the ownership thereof.

Argued before VAN BRUNT, P. J., and O'BRIEN and ANDREWS, JJ.

R. N. *Arnow,* for appellant. H. *Frank,* for respondent.

PER CURIAM. As shown by the complaint, the action is not one to affect the possession of property, but is brought to obtain an accounting of the rents received by the defendant, to which the plaintiff claims that he is entitled by virtue of holding the legal title to the premises under an agreement between himself and the executors of the estate of Juch, by which it appears that he virtually holds this title as mortgagee to secure certain amounts which he claims to be due him. It appears by the plaintiff's affidavit that he stands ready to transfer the title to any person designated by the executors of Juch upon receipt of the amount claimed to be due to him. A dispute exists as to what is actually due him, and, in this state of the controversy, it is suggested

that the questions should be resolved in the plaintiff's favor, and in advance of any determination in the accounting which plaintiff seeks, that he should disturb the possession and take from the defendant the rights which were conferred upon her, either as the representative of the estate, or, as is claimed by the plaintiff, as his agent, by the appointment of a receiver. Upon this state of facts, it is clear that, at least, a question was presented, even if we assume that it was a case in which a receiver could be appointed, for the exercise of discretion; and we are unable to conclude, after an examination of the facts disclosed by the record, that there was an abuse of such discretion. We think, therefore, that the order should be affirmed, with $10 costs and disbursements. All concur.